UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ke-Wei Lin<br>1259 K Street, SE<br>Washington, D.C. 20003<br><br>*Plaintiff,*<br><br>v.<br><br>Federal Bureau of Investigation<br>935 Pennsylvania Ave, NW<br>Washington, D.C. 20535<br><br>*Defendant.* | Civil Action No. 25-882 |

**COMPLAINT**

Plaintiff, Ke-Wei Lin ("Plaintiff") brings this judicial review and action against Defendant, Federal Bureau of Investigation ("Defendant" or "FBI" or "Agency"). In support thereof, Plaintiff states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through FOIA, Plaintiff seeks the production of responsive records concerning any investigation of Plaintiff by Defendant and communications between Plaintiff and Defendant in various locations including Texas, New Jersey, New York, and Taiwan. The best representation of Plaintiff's FOIA request is the properly submitted request attached to and made part of this Complaint as Exhibit 101. The best representation of Plaintiff's

1

Privacy Act request is the properly submitted request attached to and made part of this Complaint as Exhibit 102.

3. Defendant has violated the Freedom of Information Act by failing to issue a determination within the statutory period, by failing to conduct a reasonable search, and by failing to release all responsive, non-exempt records according to law.

## PARTIES

4. Plaintiff, Ke-Wei Lin, is a citizen of Taiwan who currently resides in Washington, D.C. Plaintiff made the requests at issue in this judicial review on November 29, 2024, and November 30, 2024.

5. Defendant, FBI, is an agency within the meaning of 5 U.S.C. § 552(f)(1). Plaintiff, upon knowledge and belief, alleges that Defendant has possession and control of the records responsive to these requests.

## JURISDICTION AND VENUE

6. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This case presents a federal question that confers jurisdiction on this Court. *See* 28 U.S.C. § 1331 and 28 U.S.C. §1346.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Plaintiff's FOIA Request

8. Plaintiff, Ke-Wei Lin, is a citizen of Taiwan who currently resides in Washington, D.C.

9. Plaintiff believes she has been followed and harassed by some people both while she was living in Taiwan as early as 2015 and since she arrived in Dallas, Texas in November 2023. Plaintiff believes Defendant knows who is harassing her.

10. On February 10, 2024, Plaintiff reported the crime of persecution to the FBI at https://tips.fbi.gov/. Plaintiff did not receive any acknowledgment letter of receipt of her report.

11. To request a follow-up, Plaintiff contacted the FBI in several phone calls and Skype calls concerning the crime she had reported to the FBI.

12. On February 29, 2024, she called the FBI and was told that her file was not reviewable. Defendant suggested Plaintiff file a FOIA request to the FBI in order to obtain any reply or records regarding the crime that Plaintiff asked the FBI to address.

13. Plaintiff previously submitted a FOIA request that did not result in her obtaining any of the records she sought.

14. On November 29, 2024, Plaintiff made an online FOIA request for records from the FBI. Plaintiff made a request for all responsive records concerning a tip form she had submitted on February 10, 2024; phone calls and Skype calls Plaintiff with Defendant's agents; records related to earlier FOIA requests made by Plaintiff; and other related records. A specific date range of the request was not provided by Plaintiff, but Plaintiff provided dates pertaining to the particular records. Exhibit 101 is the FOIA Request, and it is attached and made part of this Complaint.

15. On November 29, 2024, Plaintiff received an email from Defendant with the subject line "eFOIA Request Received," indicating Defendant received the FOIA Request, FOIPA Request No. 1653538-000, on November 29, 2024.

16. On December 4, 2024, Defendant confirmed receipt of the FOIA request. Exhibit 103 is the Confirmation of Receipt of Request and they are attached and made part of this Complaint.

17. On January 13, 2025, Defendant sent an email to Plaintiff and stated that the request was in initial processing, rather than closed. Defendant did not clearly describe whether it was referring to Plaintiff's FOIA request or Privacy Act request.

18. More than 20 working days have elapsed since Plaintiff's FOIA request was received by Defendant.

19. To this date, the FBI has not provided Plaintiff with a start date for the release of records. No final determination has been made on Plaintiff's request and no records have been produced by Defendant to Plaintiff.

20. Plaintiff has constructively exhausted all administrative remedies and this matter is ripe for de novo judicial review.

**Plaintiff's Privacy Act Request**

21. On November 30, 2024, Plaintiff submitted a substantially similar request for records to Defendant under the Privacy Act. Ex. 102.

22. On November 30, 2024, Plaintiff received an email from Defendant with the subject line "eFOIA Request Received," indicating Defendant received the Privacy Act Request, FOIPA Request No. 1653543-000, on November 30, 2024.

23. On December 4, 2024, Defendant confirmed receipt of the Privacy Act Request. Exhibit 104 is the Confirmation of Receipt of Request and they are attached and made part of this Complaint.

24. On December 19, 2024, Plaintiff reviewed the status of her Privacy Act Request at www.vault.fbi.gov. That website provided that Plaintiff's request was closed, and

4

Defendant had sent correspondence to the address on file. However, Plaintiff never received any correspondence from Defendant

25. On January 11, 2025, Plaintiff emailed Defendant to follow up on her requests and asked Defendant to send the correspondence mentioned on Defendant's website via email.

26. On January 13, 2025, Defendant sent an email to Plaintiff and stated that the request was in initial processing, rather than closed. Defendant did not clearly describe whether it was referring to Plaintiff's FOIA request or Privacy Act request.

27. Also on January 13, 2025, Plaintiff replied to Defendant and expressed her concern regarding the status of her Privacy Act request as Defendant's website stated the request was closed. Plaintiff never received the correspondence that Defendant's website claimed it had been sent to Plaintiff.

28. More than 20 working days have elapsed since Plaintiff's Privacy Act request was received by Defendant.

29. To this date, the FBI has not provided Plaintiff with a start date for the release of records. No final determination has been made on Plaintiff's request and no records have been produced by Defendant to Plaintiff.

30. Plaintiff has constructively exhausted all administrative remedies and this matter is ripe for de novo judicial review.

## LEGAL FRAMEWORK OF FOIA

31. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

32. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. §552(a)(4)(B).

33. Under FOIA, the federal agency has the burden to sustain its actions. *Id.*

34. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

**COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

35. Plaintiff realleges paragraphs 1 through 34 above as if fully set forth herein.

36. The request in this matter seeks the disclosure of all agency records responsive to Plaintiff's request and was properly made.

37. FBI is a federal agency subject to the FOIA.

38. Included within the scope of the request is one or more records or portions thereof that are not exempt under FOIA.

39. FBI failed to issue a determination within the statutory deadline.

**COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH**

40. Plaintiff realleges paragraphs 1 through 39 above as if fully set forth herein.

41. Defendant has failed to conduct a reasonable search for records responsive to the requests.

**COUNT III – DEFENDANT'S FAILURE TO RELEASE RECORDS**

42. Plaintiff realleges paragraphs 1 through 41 above as if fully set forth herein.

43. FBI has failed to promptly release all records, or portions of records, responsive to the Plaintiff's request.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff asks the Court to:

i. Declare that Defendant violated FOIA;

ii. Order Defendant to conduct a reasonable search for records;

iii. Order Defendant to issue a determination;

iv. Order Defendant to make all non-exempt records or portions of records promptly available to Plaintiff;

v. Enjoin Defendant from withholding all non-exempt public records under FOIA;

vi. Award Plaintiff's attorney fees and costs; and,

vii. Award such other relief the Court considers appropriate.

Dated: March 25, 2025

RESPECTFULLY SUBMITTED,

/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089
Sorenson Law LLC
PO Box 10836
Eugene, OR 97440
(541) 606-9173
peter@sorensonfoialaw.com

*Lead attorney for Plaintiff*