UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KE-WEI LIN, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Civil Action No.: 25-cv-0882 (RDM) |

**ANSWER**

Defendant, the Federal Bureau of Investigation ("FBI"), respectfully submits this Answer to the Complaint filed by Plaintiff, Ke-Wei Lin (ECF No. 1), as follows:

**INTRODUCTION**[1]

1. Paragraph 1 consists of Plaintiff's characterization of the present action, to which no response is required.

2. Paragraph 2 purports to characterize Plaintiff's Freedom of Information/Privacy Act ("FOIPA") requests, which speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to Plaintiff's requests for a complete and accurate description of their contents and denies the allegations to the extent they are inconsistent with the requests.

3. Paragraph 3 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings or titles could be construed to contain factual allegations, those allegations are denied.

## PARTIES

4. As to the first sentence in Paragraph 4, Defendant lacks sufficient information or knowledge to admit or deny. As to the second sentence, Defendant admits that it received requests from Plaintiff on November 29, 2024, and November 30, 2024.

5. Admit that the FBI is a component of DOJ and is subject to the requirements of the FOIA. Deny that the FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). As to the allegations in the second portion of paragraph 5, Defendant admits that, based on the language of the request, the FBI maintains possession, custody, and control over some records which may be relevant to Plaintiff's request, to the extent that such records may exist.

## JURISDICTION AND VENUE

6. Paragraph 6 consist of conclusions of law to which no response is required. Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitation of FOIA and pursuant to 28 U.S.C. §1331 and 5 U.S.C. § 552(a)(4)(B) & § 552(a)(6)(C)(i).

7. Defendant admits that venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### Plaintiff's FOIA Request

8. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11.

12. Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12.

13. Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13.

14. Defendant admits that Plaintiff made a FOIA request on November 29, 2024. The remaining allegations in Paragraph 14 purport to characterize Plaintiff's request submitted on November 29, 2024, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's request for a complete and accurate description of its contents and denies the allegations to the extent they are inconsistent with the request.

15. Defendant admits that Defendant sent an email to Plaintiff pertaining to her FOIA request. The remaining allegations in Paragraph 15 purport to characterize Defendant's response to Plaintiff's November 29, 2024, email, which response speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the email for a complete and accurate description of its contents and denies the allegations to the extent they are inconsistent with the email.

16. Defendant admits that Defendant sent Plaintiff a letter pertaining to her FOIA request on December 4, 2024. The allegations in Paragraph 16 purport to characterize a separate letter from the FBI issued on December 4, 2024, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the December 4, 2024, letter for a complete and accurate description of its contents and denies the allegations to the extent they are inconsistent with the letter.

17. Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17.

18. Defendant admits that more than 20 working days elapsed between November 29, 2024, and the date of the filing of the Complaint.

19. Defendant admits that, as of the date of the Complaint, Defendant had not provided a start date for the release of records, issued a final determination, or produced records in response to Plaintiff's request.

20. Paragraph 20 is a legal conclusion to which no response is required. To the extent a response is required Defendant denies the allegations in paragraph 20.

## Plaintiff's Privacy Act Request

21. Defendant admits that on November 30, 2025, Plaintiff submitted a request for records to Defendant.  The remaining allegations in Paragraph 21 purport to characterize Plaintiff's request submitted on November 30, 2024, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's request for a complete and accurate description of its contents and denies the allegations to the extent they are inconsistent with the request.

22. Defendant admits that Defendant sent an email to Plaintiff pertaining to Plaintiff's November 30, 204 request.  The remaining allegations in Paragraph 22 purport to characterize Defendant's response to Plaintiff's November 30, 2024, email, which response speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the email for a complete and accurate description of its contents and denies the allegations to the extent they are inconsistent with the email.

23. Defendant admits that on December 4, 2024 it sent a letter to Plaintiff pertaining to the Plaintiff's November 30, 2024 request. Defendant respectfully refers the Court to Defendant's December 4, 2024, letter for a complete and accurate description of its contents and denies the allegations to the extent they are inconsistent with the letter.

24. Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations contained in paragraph 24.

25. Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendant currently lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27.

28. Defendant admits that more than 20 working days elapsed between November 30, 2024, and the date of the filing of the Complaint.

29. Defendant admits that, as of the date of the Complaint, Defendant had not provided a start date for the release of records, issued a final determination, or produced records in response to Plaintiff's request.

30. The allegation contained in Paragraph 30 is a legal conclusion to which no response is required; to the extent a response is deemed required, Defendant denies the allegation in Paragraph 30.

## LEGAL FRAMEWORK OF FOIA

31. The allegations in Paragraph 31 consist of Plaintiff's characterization of the FOIA statute, to which no response is required.

32. The allegations in Paragraph 32 consist of Plaintiff's characterization of the FOIA statute, to which no response is required.

33. The allegations in Paragraph 33 consist of Plaintiff's characterization of the FOIA statute, to which no response is required.

34. The allegations in Paragraph 34 consist of Plaintiff's characterization of the FOIA statute, to which no response is required.

**COUNT I – DEFENDANT'S FAILURE TO ISSUE A DETERMINATION WITHIN THE STATUTORY PERIOD**

35. Defendant repeats and incorporates by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

36. The allegations in Paragraph 36 consist of Plaintiff's characterization of this action to which no response is required.

37. Defendant denies that it is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) but admits that the FBI is a component of the DOJ and is subject to the requirements of FOIA.

38. The allegations in Paragraph 38 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

39. The allegations in Paragraph 39 consist of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

**COUNT II – DEFENDANT'S FAILURE TO CONDUCT A REASONABLE SEARCH**

40. Defendant repeats and incorporates by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

41. The allegations in Paragraph 41 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

### COUNT III – DEFENDANT'S FAILURE TO RELEASE RECORDS

42. Defendant repeats and incorporates by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

43. The allegations in Paragraph 43 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

### REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required; to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

### DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses.

### FIRST DEFENSE

Plaintiff's FOIA request fails to reasonably describe the records sought.

### SECOND DEFENSE

Plaintiff failed to exhaust all administrative remedies.

### THIRD DEFENSE

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions.

**FOURTH DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA request.

**FIFTH DEFENSE**

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

**SIXTH DEFENSE**

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA

**SEVENTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

WHEREFORE, having fully answered the Complaint, Defendant asserts that Plaintiff is not entitled to the requested relief and respectfully asks that the Court enter judgment dismissing this action with prejudice and awarding Defendant such further relief as the Court may deem appropriate.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: /s/ *Benton Peterson*
BENTON G. PETERSON,  Bar #102984
Assistant United States Attorney
U.S. Attorney's Office
601 D. Street, N.W.
Washington, D.C. 20530
Phone: 202-252-2534
Benton.Peterson@usdoj.gov